29 So.2d 228

## SOUTHERN RY. CO. v. PULLEN.

### 6 Div. 513.

Supreme Court of Alabama.

Jan. 23, 1947.

Rehearing Denied Feb. 20, 1947.

Benners, Burr, Stokely & McKamy and Greye Tate, all of Birmingham, for appellant.

666

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellee.

BROWN, Justice.

This is an action by the appellee under the Federal Employers' Liability Act, Title 45, U.S.C.A. § 51 et seq., to recover damages for personal injuries alleged to have been suffered by him while he was in the employ of the defendant, Southern Railway Company, engaged in the line of duty in handling interstate commerce.

The complaint upon which the case was tried consisted of a single count to which the defendant pleaded not guilty and contributory negligence in repression of damages.

There was verdict and judgment for the plaintiff followed by motion for a new trial. On the hearing of the motion for a new trial the court entered the following order:

"On this the 13th day of September, 1946, came the parties by their attorneys, and this motion having been heretofore argued and submitted to the court, and the same having been fully considered and understood by the court, and upon consideration of the foregoing motion the Court being of the opinion that the verdict and judgment heretofore rendered in this cause is excessive to the extent of Fifteen Thousand Dollars ($15,000.00), and that the sum of Forty Thousand Dollars ($40,000.00), would be a fit and proper sum to be recovered by the plaintiff in this cause, and that in all other respects said motion is without merit and should be overruled; and the court having advised plaintiff that unless plaintiff remits all damages in excess of Forty Thousand Dollars ($40,000.00) and costs of Court, a new trial will be granted in this cause, and the plaintiff in open court having filed his remittitur of all damages in excess of Forty Thousand Dollars ($40,-000.00) and costs of court, whereupon,

"IT is ordered and adjudged by the court that the judgment heretofore rendered in this cause be and the same is hereby reduced to the sum of Forty Thousand Dollars ($40,000.00) and costs of Court, and that execution issue accordingly; * * *."

No question is raised as to the sufficiency of the evidence to warrant the submission

of the case to the jury. The argument at the bar and in brief was and is limited to the assignments of error questioning the excessiveness of the verdict and judgment which appellant insists were superinduced by statement of counsel for plaintiff in the opening argument and the court's oral remarks in respect thereto; and the refusal of defendant's motion for mistrial made at the time.

The court instructed the jury as follows:

"Counsel made the statement, he started to make the statement and hadn't completed it that—and the objection was made, and in my recollection the substance of what he said that if one of the jury had an arm like that that he would consider that, in his opinion, that he would consider it a one hundred per cent injury to such arm. Objection having been made to that remark, and counsel for the plaintiff requesting that it now be excluded, I will exclude that argument or that statement from your consideration; in other words, counsel has a wide latitude in argument, and it was an opinion of his, but using a juror as an illustration, and with the consent of the plaintiff, I will exclude that argument from your consideration, and it would be highly improper for you to give any consideration or to allow such argument to affect you or your verdict in any way, and I want to reemphasize it as much as the court can and tell you that it is excluded and you must not consider it in any way in reaching your verdict in this case. * * *

"Mr. Tate: Now, if the court please, we except to Your Honor's statement, and at this time move for a mistrial on account of the prejudicial character of the statement that has been made, and it is of such character that it cannot be eradicated by the statement of counsel or the statement of the court.

"The Court: Yes, sir. Well, I will reiterate what I have said to the jury. I have excluded it, and I want to reemphasize that when a thing is excluded you must not consider it for any purpose, and it would be highly improper for you to consider it in any way in reaching a verdict in this case.

"Mr. Tate: We except. * * *"

In the course of the opening argument plaintiff's counsel made other statements to which objections made by defendant were sustained.

"Mr. Tate: We move that Your Honor instruct the jury not to consider the argument.

"The Court: Gentlemen of the jury, when I sustain an objection to an argument, don't consider that argument for any purpose; it would be highly improper for you to consider any argument to which the court sustained an objection, and I will exclude the argument from your consideration.

"Mr. Tate: And we move for a mistrial on account of the prejudicial character of the argument.

"The Court: Overrule the motion.

"Mr. Tate: We except."

 We are of opinion that the instructions to the jury and the exclusion of the statements of plaintiff's counsel objected to were sufficient to remove their hurtful tendencies. The trial court, who was in better position to judge of the effect of the argument than we are, after consideration of the entire matter, was of opinion that the amount of damages, reduced from $55,000.-00 to $40,000.00, was not excessive for the serious and permanent injuries which plaintiff suffered, and we are not able to affirm that this conclusion and judgment of the court was erroneous. Illinois Central R. Co. v. Johnston, 205 Ala. 1, 87 So. 866, certiorari denied, Illinois Central R. Co. v. Johnson, 254 U.S. 654, 41 S.Ct. 218, 65 L.Ed. 459, error dismissed 255 U.S. 564, 41 S.Ct. 375, 65 L.Ed. 788.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.